[Civ. No. 317. First Appellate District.—December 17, 1906.]

## HELEN M. LUTY, Appellant, v. MANUEL CRESTA, Respondent.

ACTION OF EJECTMENT—SUFFICIENCY OF EVIDENCE—SUPPORT OF FINDING—DEED—QUESTION OF GRANTEE—IDENTITY OF NAMES—DELIVERY.—Where the plaintiff in an action of ejectment was the daughter of the grantor, and the defendant is the grantee of a sister of the grantor, having the same identical name as that of the plaintiff, proof supporting a finding that the deed was delivered by the grantor to the sister, and not to the plaintiff, supports a finding and judgment for the defendant.

ID.—EVIDENCE—TESTIMONY OF BOOKKEEPER OF GRANTOR—PRODUCTION OF BOOK—BEST EVIDENCE.—Where the bookkeeper of the grantor testified that no account was kept by him with the plaintiff, which was objected to as not the best evidence, and the witness proceeded to state, without objection, that the books contained items charged against the sister for taxes on the land and credits for rents received, and afterward produced the day-book upon request, but was not recalled, and the plaintiff did not ask to have the testimony stricken out, or cross-examine the witness with the day-book before him, the objection stated is not ground of reversal.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, for Appellant.

A. D. Splivalo, and Albert C. Aiken, for Respondent.

COOPER, J.—This is an action in ejectment to recover the premises described in the complaint, and damages for the withholding thereof. Findings were filed, upon which judgment was entered for defendant. This appeal is from the judgment and the order denying plaintiff's motion for a new trial.

In the year 1873 the "Abbey Homestead Association," a corporation, being the owner in fee of the premises, made a deed conveying the same to F. E. Luty, the father of the plaintiff, who died before the controversy in this case arose. In June, 1887, said F. E. Luty conveyed the property to Helen M. Luty. In October, 1899, Helen M. Luty, conveyed the property to defendant, who thereupon went into possession, and was in such possession at the time of the commencement of this action. These deeds were all duly recorded, and show the title to be of record in the defendant. The contest in this case arises out of the fact that there are two persons bearing the name of Helen M. Luty, one the daughter of F. E. Luty, deceased, and who is the plaintiff here, and the other a sister. The sole issue before the court, and the one on which the case depended, was as to the identity of the Helen M. Luty named as grantee in the deed of F. E. Luty. The court found, "That said Frederick E. Luty, in the year 1887, by deed of grant conveyed the premises described in the complaint to his said sister Helen M. Luty, the predecessor and grantor of said Cresta . . . ; that said plaintiff's only and sole claim to said property arises in her contention that she is the grantee named in the said deed from Frederick E. Luty to Helen M. Luty, but said claim or contention is untrue and false and without foundation. . . . That said deed by Frederick E. Luty, was made and actually and personally delivered to Helen M. Luty, sister of said Frederick E. Luty." The above-quoted findings are supported by the evidence. Helen M. Luty, the sister of deceased, testified that her brother, John S. Luty, was one of the officers and promoters of the "Abbey Homestead As-

sociation," which owned a large tract of land, of which the premises in controversy were a part; that in consideration of his services a portion of the Abbey Homestead property, of which the premises in controversy are a part, was awarded to said John S. Luty by the company; that by direction of John S. Luty, the property so awarded to him was deeded to said F. E. Luty, who agreed with John S. Luty to hold the title subject to his directions; that John S. Luty died in the year 1886, having before his death requested F. E. Luty to convey to her the premises in controversy; that the deed, after being executed, was delivered to her in June, 1887, and placed of record; that she afterward received the rents and paid the taxes on the property.

The witness, Annie H. Theller, testified that she is well acquainted with Helen M. Luty, the sister of deceased F. E. Luty, and that she knew F. E. Luty in his lifetime; that the sister lived with witness a part of the time, and was living with her in 1887; that shortly after the deed was recorded it was left in her possession by the sister for safe-keeping; that she put it in her safe and kept it in her possession for a number of years until the sister, Helen M. Luty, went east, when witness delivered it to her.

Error is claimed because of the ruling of the court in overruling the plaintiff's objection to a question asked of defendant's witness Gardiner. The witness had testified that he was the bookkeeper of F. E. Luty, deceased, in his lifetime, and was such up to the time of his death; that the ledger is made up from the day-book. It was then conceded that the ledger had been lost or destroyed, but it appeared that the day-book was at hand. Plaintiff's counsel then asked the witness the following question:

"Q. Mr. Gardiner, did you keep the day-book and ledger for Mr. Luty? A. Yes, sir. I made the entries in them myself and personally made up the books, except a small portion, which was made by Mr. Luty himself. I am well acquainted with the contents of these books.

"Q. Was there any account in said ledger with the plaintiff Helen Maud Luty?"

To which question objection was made because incompetent. and not the best evidence. The court overruled the objection, and the witness answered:

"A. No, sir. There was no account with his daughter."

The record then states: "The same question was asked the witness as to any account with Helen M. Luty, F. E. Luty's sister. Same objection and same ruling."

The witness then, in answer to the question, stated that the ledger and day-book contained accounts with the sister, and proceeded, apparently without objection, to state that the books contained items charged against the sister for taxes on the land in controversy, and credits for rents received. The record then states: "At this point plaintiff's counsel requested the witness to step down and examine the day-book, which was in court pursuant to notice of defendant's attorney to produce the same on the trial of the case. Thereupon said witness stepped down and proceeded to examine said day-book to find the items he had testified to as being in the ledger, and he was not recalled."

It appears from this that the only objection was to the question as to whether there was any account in the ledger with the sister, Helen M. Luty. The witness could have answered this question yes or no. In the form in which the question was asked and the objection made, it was not objectionable. The ledger had been destroyed, and it was proper, as preliminary to the proof of its contents, to show that it contained an account with the sister. The witness appears to have volunteered the answer as to what the account contained. No objection was made to it, and no motion was made to strike out any part of the answer. The day-book was present from which the ledger had been made up, and although plaintiff's counsel requested the witness to examine the day-book, which he did, no questions were asked concerning it. It evidently verified the testimony just given by the witness, but if it were otherwise the plaintiff's counsel had the right to cross-examine the witness fully with the day-book before them. As they did not take the trouble to ask to have the testimony stricken out, or to cross-examine the witness as to it, the plaintiff will not now be heard to insist upon a reversal of the case. Counsel should make objections clearly and specifically, and endeavor to overcome obstacles in the lower court, so as to present each question raised upon its merits. In this case the great probability is that the court below would not have allowed the witness to testify to the contents of the day-book, the book being

present, if the proper objection had been made and the court's attention called to it.

We have examined other alleged errors, but we do not find any one of them of sufficient importance to justify a discussion of its merits.

The judgment and order are affirmed.

Harrison, P. J., and Hall, J., concurred.